UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Marvin L. Coomer,

    Plaintiff,

v.

Commissioner of Social Security,

    Defendant.

Case No. 2:16-cv-1132
Judge Michael H. Watson
Magistrate Judge Vascura

## OPINION AND ORDER

On December 12, 2017, the Magistrate Judge issued a Report and Recommendation ("R&R") in this Social Security case recommending that the Court overrule Plaintiff's Statement of Errors and affirm the Commissioner's decision. R&R, ECF No. 25. Marvin Coomer ("Plaintiff") objected to the R&R, and the Commissioner responded. ECF Nos. 27 and 28. For the following reasons, the Court **OVERRULES** Plaintiff's objections, **AFFIRMS** and **ADOPTS** the R&R, and **DISMISSES** Plaintiff's Complaint.

### I. BACKGROUND

Plaintiff protectively filed for Social Security Supplemental Security Income benefits on July 15, 2015, alleging that he had been disabled since July 15, 2013. ALJ Decision, ECF No. 10, at PAGEID # 20. After his initial applications were denied, Plaintiff went before Administrative Law Judge ("ALJ") Thomas Wang for a hearing. *Id.* The ALJ issued an opinion denying Plaintiff benefits on September 9, 2015. *Id.* at PAGEID ## 60–69. Following the Appeals Council's

denial of Plaintiff's request for review, the ALJ's opinion became final on September 26, 2016. *Id.* at PAGEID ## 5–12.

Plaintiff subsequently filed a timely Complaint for review in this Court pursuant to 42 U.S.C. § 405(g). The Magistrate Judge analyzed Plaintiff's Statement of Errors and recommended the Court overrule the same. Plaintiff objects to the Magistrate Judge's recommendation.

The Court adopts the Magistrate Judge's recitation of the underlying facts. *See* R&R, ECF No. 25.

## II.   STANDARD OF REVIEW

When a party objects to an R&R within the allotted time, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

It is well settled that, when objecting to an R&R, a party must make "specific written objections" to the magistrate judge's proposed findings and recommendations. Fed R. Civ. P. 72(b)(3). A general statement that the magistrate judge erred does not aid judicial efficiency, the purpose "for which the use of magistrates [was] authorized." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Holl v. Potter*, No. C-1-09-618, 2011 WL 4337038, at *1 (S.D. Ohio Sept. 15, 2011), *aff'd*, 506 F. App'x 438

(2012) ("Objections that merely restate arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived.").

Furthermore, in Social Security cases, the Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to the proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)). In this context, "[s]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance . . . .'" *Rogers*, 486 F.3d at 421 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Put another way, "[s]ubstantial evidence exists when a 'reasonable mind might accept' the relevant evidence 'as adequate to support a conclusion.'" *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (quoting *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1997)).

### III. ANALYSIS

Plaintiff makes three objections in this case, but they ultimately hinge upon whether the ALJ's residual functional capacity ("RFC") determination and the Magistrate Judge's assessment of the ALJ's RFC were correct.

## A. The ALJ's RFC Determination

First, the Court finds meritless Plaintiff's contention that the Magistrate Judge "offered no true analysis" when discussing his RFC objection.

Plaintiff's main claim is premised on the notion that the ALJ's RFC determination is not supported by substantial evidence because other evidence in the record contradicts it or at least indicates more restrictive findings than what the ALJ opined. The Magistrate Judge addressed Plaintiff's claims, set forth the legal standard for both a RFC determination and a credibility determination, and concluded that: "[t]he ALJ thoroughly articulated his basis for concluding that Plaintiff's complaints of disabling pain and the severity of some of the medical findings were not consistent with other evidence in the record that reflected on Plaintiff's ability to function normally with only certain specific limitations." R&R 9, ECF No. 25. To support this conclusion, the Magistrate Judge cited to a half-page excerpt of the ALJ's opinion where he discussed and analyzed the objective medical findings as well as explained the evidence relied upon for his credibility determination of Plaintiff. *See id.* at 9–10, (quoting ALJ Decision, ECF No. 10, at PAGEID # 67).

Thus, the Court rejects Plaintiff's contention that the Magistrate Judge offered "no true analysis." The Magistrate Judge was not required to engage in a lengthy analysis when it was apparent from the excerpt of the ALJ's opinion that she quoted that it was supported by substantial evidence. *See Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003) (determining that the Court must

give deference to an ALJ's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ.") (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Accordingly, the Court overrules Plaintiff's objection that the Magistrate Judge did not offer any true analysis.

Moreover, it appears as if Plaintiff is really attempting to have the Court conduct a *de novo* review of the ALJ's RFC determination when he asks it to "read Plaintiff's argument and offer an analysis of its merits." Obj. 4, ECF No. 26. Although Plaintiff contends that the facts considered by the ALJ in the RFC section of the ALJ's opinion are taken out of context, he does not explain in his objection the correct context nor does he cite to any other evidence in his objection to contradict the ALJ's conclusions. In any event, to the extent Plaintiff's objection is specific enough to warrant *de novo* review, the Court does not find a basis to reverse the Commissioner's decision.

As the Magistrate Judge explained: "[a] Plaintiff's RFC 'is defined as the most a [plaintiff] can still do despite the physical and mental limitations resulting from [his] impairments.'" R&R 7, ECF No. 25 (quoting *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155 (6th Cir. 2009)). Additionally, it is the ALJ's responsibility to "evaluat[e] the medical evidence and the claimant's testimony to form an 'assessment of [Plaintiff's] residual functional capacity.'" *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004) (quoting 20 C.F.R. § 416.920(a)(4)(iv)).

Here, the record reflects that substantial evidence exists to conclude that Plaintiff is not disabled. The Court finds the ALJ considered medical evidence and opinion evidence as well as Plaintiff's own subjective complaints of pain. *See* ALJ Decision, ECF No. 10, at PAGEID ## 63–67. For example, the ALJ found that the medical records were consistent in demonstrating that Plaintiff suffered from pain from his cervical and lumbar degenerative disc disease. *Id.* at PAGEID ## 65–66. The ALJ weighed those objective medical findings against other evidence in the record, however, concluding that, "[d]espite the radiographic evidence and the claimant's reports of pain, the physical examination records throughout the relevant period consistently document normal physical findings . . . ." *Id.* at PAGEID # 65.

The ALJ also considered the evidence in light of Plaintiff's credibility, finding him to not be entirely credible based on inconsistent reports of pain. Specifically, the ALJ referenced a doctor's visit in May of 2015 where Plaintiff rated his pain as a 10/10, yet the attending physician noted "the patient was able to complete full sentences, he was smiling and laughing during the encounter. His pain score of 10/10 does not corroborate with his demeanor during the encounter." ALJ Decision, ECF No. 10, at PAGEID ## at 65–67, (citing May 4, 2015, Report, ECF No. 10, at PAGEID # 409). Likewise, the ALJ referenced Plaintiff's hearing testimony to support that Plaintiff was capable of performing more activities of daily living than he may have previously indicated. *Compare*

Hearing Testimony, ECF No. 10, at PAGEID ## 81–83, *with* Feb. 27, 2015, Development Questionnaire, ECF No. 10, at PAGEID ## 216–218.

Having conducted a *de novo* review of the evidence, the Court finds the ALJ's decision was supported by substantial evidence. The Court does not dispute that there is evidence in the record, such as the July 2014 MRI, to support Plaintiff's claim that he suffers from severe lumbar and cervical pain. But, as mentioned above, the fact that there is evidence in the record to the contrary, even substantial evidence to the contrary, does not permit reversal. *See Wright*, 321 F.3d at 614. Accordingly, Plaintiff's objection to the ALJ's RFC determination is **OVERRULED**.

### B. July 2014 MRI

Thus, having concluded that Plaintiff's RFC was supported by substantial evidence, Plaintiff's remaining objections are rendered meritless.

Plaintiff asserts that the Magistrate Judge erred because she concluded that the ALJ *did* consider a July 25, 2014, cervical spine MRI when making his RFC determination. Obj. 2, ECF No. 26; *see also* R&R 6, ECF No. 25. Plaintiff contends that conclusion was incorrect because, although the ALJ cited the MRI, he cited it only for the mild finding, not the severe finding, nor did he offer any analysis of the record as it related to the "severe" finding. Obj. 2, ECF No. 26. Plaintiff further contends that the Magistrate Judge misunderstood his objection because she failed to distinguish between a "severe" finding on a pathology exam and a "severe" finding for Social Security purposes. *Id.* at 3.

Plaintiff's arguments necessarily fail, however, because whether the ALJ considered the July 2014 MRI does not disturb this Court's finding of substantial evidence. *See Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 2001) (finding that substantial evidence is the total evidence of the record, taken as a whole, not an individual piece supporting one's claim of disability); *see also Bartyzel v. Comm'r of Soc. Sec.*, 74 F. App'x 515, 523 (6th Cir. 2003) ("The Court may not base its decision on a single piece of evidence and disregard other pertinent evidence when evaluating whether substantial evidence exists in the record.") (citing *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978)).

Plaintiff is correct that the July 2014 MRI did indicate Plaintiff had "a severe right foraminal narrowing at the C3-C4 level secondary to a combination of uncovertebral arthropahty and severe right facet joint arthropathy . . . ." *See* July 25, 2014, MRI, ECF No. 10, at PAGEID # 285. As the ALJ notes, however, subsequent records indicate Plaintiff underwent lumbar epidural injections in 2014 and 2015 that relieved Plaintiff's pain by at least 80 percent. *See* ALJ Decision, ECF No. 10, at PAGEID # 65 (citing May 4, 2015, Report, ECF No. 10, at PAGEID # 409); *see also* January 1, 2015, Radiology Report, ECF No. 10, at PAGEID # 348 (noting that Plaintiff said he had "significant relief" after the procedure).

Plaintiff cannot undermine substantial evidence by pointing out that one medical record indicating a "severe" impairment was not expressly analyzed by the ALJ. Rather, whereas here, when the ALJ's opinion is otherwise supported

by substantial evidence—including medical evidence, opinion evidence, and Plaintiff's own testimony—the Court cannot set aside the ALJ's conclusion, "even if that Court recognizes that some of the objective medical evidence may have supported an opposite conclusion." R&R 10, ECF No. 25 (citing *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009)). Accordingly, Plaintiff's second objection is **OVERRULED**.

## IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections, ECF No. 26, **AFFIRMS AND ADOPTS** the R&R, ECF No. 25, and **DISMISSES** Plaintiff's Complaint. The Clerk is **DIRECTED** to enter judgment in the Commissioner's favor and terminate this case.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
**UNITED STATES DISTRICT COURT**